UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

CLINT WILLIAMS, #45522,   Case No. 3:23-cv-01174-MC

    Plaintiff,   ORDER

  v.

MULTNOMAH COUNTY MEDICAL DEPT;
ABBY, RN LEAD NURSE; LESLIE, RN
& PROGRAM MANAGER II;

    Defendants.
_____

MCSHANE, District Judge.

    Plaintiff, an adult in custody at Multnomah County Inverness Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983 and alleges that defendants failed to provide adequate medical care in violation of his rights under the Fourteenth Amendment. Plaintiff's allegations are deficient in several respects, and he is allowed the opportunity to amend his Complaint.

    This Court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary

- 1 -   ORDER

relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Dismissal of a pro se complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The Court must construe pro se pleadings liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

An objective standard applies to constitutional claims of inadequate medical care brought under the Fourteenth Amendment. *Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018). Under this standard, a plaintiff must show:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined [including a decision with respect to medical treatment]; (2) Those conditions put the plaintiff at substantial risk of suffering serious harm; (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 1125; *see also Sandoval v. Cty. of San Diego*, 985 F.3d 657, 669 (9th Cir.), *cert. denied*, 142 S. Ct. 711 (2021). To satisfy the third element, the plaintiff must show that the defendant's actions were "objectively unreasonable," which requires a showing of "more than negligence but less than subjective intent – something akin to reckless disregard." *Gordon*, 888 F.3d at 1125. (citations omitted). Plaintiff does not allege such facts.

Plaintiff alleges that defendants failed to provide him with an eye exam, glasses, dentures, and adequate pain medication for a hernia. These allegations imply negligence rather

than deliberate indifference, and negligent conduct cannot sustain a claim under § 1983. *Id.* Plaintiff does not allege facts showing that defendants intentionally took action that placed him at a substantial risk of harm and failed to take measures to abate such risk. Plaintiff is advised that negligent medical care is a state law claim that is properly raised in state court.

Plaintiff is granted leave to file a proposed Amended Complaint with a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual caused the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct.

## CONCLUSION

Plaintiff fails to state viable claims under § 1983 and they are DISMISSED. Within thirty days from the date of this Order, plaintiff may file an Amended Complaint curing the deficiencies noted above. Plaintiff is advised that the failure to do so will result in the dismissal of this proceeding, with prejudice.

IT IS SO ORDERED.

DATED this 30th day of August, 2023.

s/ Michael J. McShane
MICHAEL J. MCSHANE
United States District Judge