UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

CLINT WILLIAMS,  　　　　　　　　　　　　　　Case No. 3:23-cv-01174-MC

      Plaintiff,  　　　　　　　　　　　　　　　　　　　　　ORDER

  v.

MULTNOMAH COUNTY MEDICAL DEPT;
ABBY, RN LEAD NURSE; LESLIE, RN
& PROGRAM MANAGER II;

      Defendants.
_____

MCSHANE, District Judge.

      Plaintiff, an adult in custody at Multnomah County Inverness Jail, filed suit pursuant to 42 U.S.C. § 1983 and alleged that Defendants failed to provide adequate medical care in violation of his rights under the Fourteenth Amendment. Plaintiff's allegations were deficient in several respects, and he was allowed two opportunities to amend. Plaintiff's allegations remain deficient and this action is DISMISSED.

- 1 -    ORDER

Plaintiff alleges that Defendants failed to provide him with reading glasses, dentures, and adequate pain medication for a hernia. As Plaintiff was advised previously, an objective standard applies to constitutional claims of inadequate medical care brought by pretrial detainees under the Fourteenth Amendment. *Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018). Under this standard, Plaintiff must allege facts plausibly showing that:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined [including a decision with respect to medical treatment]; (2) Those conditions put the plaintiff at substantial risk of suffering serious harm; (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 1125; *see also Sandoval v. Cty. of San Diego*, 985 F.3d 657, 669 (9th Cir.), *cert. denied*, 142 S. Ct. 711 (2021). To satisfy the third element, Plaintiff must show that Defendants' actions were "objectively unreasonable," which requires a showing of "more than negligence but less than subjective intent – something akin to reckless disregard." *Gordon*, 888 F.3d at 1125. (citations omitted).

Like Plaintiff's Amended Complaint, his Second Amended Complaint does not describe the severity of his vision or dental impairments or explain how those impairments affect his daily activities. *See, e.g.*, *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989) (reversing summary judgment when prison officials allegedly were aware that the loss of plaintiff's dentures caused severe pain, bleeding gums, and the inability to eat and failed to take action to relieve his pain or to prescribe a soft food diet). Plaintiff is advised that generally, "the need for reading glasses does not constitute a serious medical need." *Cohen v. Los Angeles Cty.*, 2023 WL 5504940, at *15 (C.D. Cal. July 13, 2023). Further, Plaintiff does not allege facts showing that the named Defendants' actions or responses to his requests placed him at a substantial risk of harm. At

most, Plaintiff alleges negligence and negligent conduct cannot sustain a claim for deliberate indifference.

## CONCLUSION

Plaintiff fails to state a viable claim for relief under 42 U.S.C. § 1983 and this action is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this 20th day of December, 2023.

                                                     s/ Michael J. McShane
                                                     MICHAEL J. MCSHANE
                                                     United States District Judge